# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------X
PALMER/KANE LLC,                                   :
                                                   :
                    Plaintiff,                     :
                                                   :        14 Civ. 7805 (TPG)
          -against-                                :
                                                   :
SCHOLASTIC CORPORATION;                            :
SCHOLASTIC INC.,                                   :
                                                   :
                    Defendants.                    :
                                                   :
-------------------------------------------------------------X
```

## MEMORANDUM IN SUPPORT OF DEFENDANTS'
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Dated:  November 4, 2014

FRANKFURT KURNIT KLEIN & SELZ, P.C.
Edward H. Rosenthal
Beth I. Goldman
488 Madison Avenue, 10th Floor
New York, New York 10022
Phone:  (212) 980-0120
Fax:  (212) 593-9175

*Attorneys for Defendants*
*Scholastic Corp. and Scholastic Inc.*

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...................................................................................................4

*Bryant v. United States*,
   71 F. Supp. 2d 233 (S.D.N.Y. 1999)........................................................................4

*Carryl v. Columbia Univ. Coll. of Physicians & Surgeons Harlem Hosp. Ctr.*,
   2005 WL 578941 (S.D.N.Y. 2005)...........................................................................4

*Commissioner v. Sunnen*,
   333 U.S. 591 (1948)...................................................................................................5

*Coopers & Lybrand v. Livesay*,
   437 U.S. 463 (1978)...................................................................................................5

*Day v. Moscow*,
   955 F.2d 807 (2d Cir. 1992).......................................................................................4

*Federated Dep't Stores, Inc. v. Moitie*,
   452 U.S. 394 (1981)................................................................................................5, 6

*Kalb v. Feuerstein*,
   308 U.S. 433 (1940)...................................................................................................5

*Maharaj v. Bankamerica Corp.*,
   128 F.3d 94 (2d Cir. 1997).....................................................................................4, 7

*Palmer Kane LLC v. Scholastic Corp.*
   (No 11 Civ. 7456) .....................................................................................................1

*Palmer/Kane LLC v. Scholastic Corp. and Corbis Corp.*,
   No. 12 Civ. 3890 (TPG)........................................................................................1, 6

*Rivet v. Regions Bank of Louisiana*,
   522 U.S. 470 (1998)...................................................................................................4

*In re Teltronics Servs., Inc.*,
   762 F.2d 185 (2d Cir. 1985)...............................................................................4, 5, 6

*Thompson v. Cnty. of Franklin*,
   15 F.3d 245 (2d Cir. 1994).........................................................................................4

*United Student Aid Funds, Inc. v. Espinosa,*
　　559 U.S. 260 (2010) ........................................................................................................5

**Other Authorities**

18 James Wm. Moore et al., *Moore's Federal Practice* (3d ed. 2013) ...........................................4

Fed.R.Civ.P. 8(c) ...........................................................................................................................4

Rule 12(b)(6) of the Federal Rules of Civil Procedure ..................................................................2

FRCP 12(b)(6) ........................................................................................................................4, 5, 6

*Restatement (Second) of Judgments* § 27 (1982) ...........................................................................4

Defendants Scholastic Corporation and Scholastic Inc. (jointly "Scholastic") submit this memorandum in support of their motion pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) to dismiss the complaint (the "Complaint") filed in this action by Plaintiff Palmer/Kane LLC ("Plaintiff" or "Palmer Kane").

## I.   FACTUAL BACKGROUND

The following Statement of Facts is based solely on the allegations in the Complaint, the exhibits annexed thereto and the pleadings from the prior related case (*Palmer/Kane LLC v. Scholastic Corp. and Corbis Corp.*, No. 12 Civ. 3890 (TPG)).  A copy of the Complaint in this action is attached to the Declaration of Edward H. Rosenthal, dated November 4, 2014 ("Rosenthal Decl.") as Exhibit A.  At this point in the proceeding, Scholastic neither admits nor denies any of Palmer Kane's allegations.

Plaintiff Palmer Kane is a stock photography agency that licenses the works of a photographer named Gabe Palmer.  Rosenthal Decl., Ex. A ¶¶ 5-6, 8.  Gabe Palmer created photographs as works-made-for-hire for an entity named Palmer/Kane Inc.  *Id.* ¶ 7.  Palmer/Kane Inc. is allegedly the registered owner of the copyrights of the images identified by Plaintiff in this case.  *Id.* ¶ 10.

Scholastic is a publisher and distributor of textbooks and other educational materials, which it distributes throughout the United States.  *Id.* ¶¶ 11-12.

On May 16, 2012, Palmer Kane commenced an action against Scholastic for copyright infringement.  *Palmer/Kane LLC v. Scholastic Corp.*, No. 12 Civ. 3890 (TPG) ("Palmer Kane I"); Rosenthal Decl., Ex. B.[1]  In February, 2013, the Court granted Scholastic's motion to dismiss the complaint for failure to state a claim, permitting Palmer Kane 60 days to file an

---

[1] Palmer Kane brought its first action against Scholastic in 2011. *Palmer Kane LLC v. Scholastic Corp.* (No 11 Civ. 7456) (KBF).  The case was brought as a putative class action and settled following the Court's denial of Plaintiff's motion for class certification,   Dkt. # 54.

amended complaint. *Id.* Dkt. 16. Palmer Kane amended its complaint in April 2013, and subsequently filed two further amended complaints adding Corbis Corporation as a party defendant. Rosenthal Decl., Ex. C. However, the substance of Palmer Kane's copyright infringement claim against Scholastic remained essentially the same throughout: Palmer Kane alleged that Scholastic had used twenty nine (29) photographs owned by Palmer Kane in various publications in violation of Palmer Kane's copyrights. Rosenthal Decl., Ex. B ¶¶ 37-43; Ex. C-1 ¶¶ 51-58, C-2 ¶¶ 62-69, C-3 ¶¶ 74-81[2].

On March 31, 2014, this Court issued a decision dismissing Palmer Kane's complaint against both Scholastic and Corbis Corporation. Rosenthal Decl., Ex. D. A judgment dismissing the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure was entered by the Clerk of this Court on April 2, 2014. Rosenthal Decl,. Ex. E. Palmer Kane did not appeal that dismissal.

In its present action ("Palmer Kane II"), Palmer Kane asserts that it is the owner of copyrights to sixteen (16) photographs that Scholastic used and continues to use in certain publications specified in the Complaint. Rosenthal Decl., Ex. A, ¶¶ 14-16. Palmer Kane alleges that these uses have been and continue to be unlicensed or "beyond the scope of any license." *Id.* ¶ 16. Palmer Kane claims that it registered the copyrights for these photographs with the United States Copyright Office. *Id.* ¶ 15. The Complaint includes a table with a list of copyright registration numbers. *Id.* Palmer Kane does not attach copies of any of its purported copyright registrations to the Complaint, but instead attaches as Exhibit A to the Complaint a chart that purportedly identifies sixteen images. The chart includes certain information about these images,

---

[2] Palmer Kane's original and amended complaints all included, as Exhibit A, a chart containing information about the photographs at issue. For the convenience of the Court, Scholastic includes in its Exhibits B and C herein, the charts Palmer Kane originally included as Exhibit A to its original and amended complaints. Scholastic, however omits the remainder of the exhibits attached to Palmer Kane's prior complaints as they are not relevant to this motion.

such as information relating to the licensing agent, invoice number, invoice date, image number, image description, and copyright registration number. *Id.*, Ex. A. Every one of the Palmer Kane photographs alleged to have been infringed in the instant action was included in the complaint that was dismissed by this Court. Id. Ex. F.[3]

The Complaint contains a single claim for copyright infringement. *Id.* ¶¶ 35-42. Palmer Kane's demand for relief includes a demand for a preliminary injunction and a demand for statutory or actual damages.

For the reasons set forth below, Palmer Kane's claim is barred by the doctrine of *res judicata* as this Court previously dismissed an identical claim by Palmer Kane against Scholastic.

## II. ARGUMENT

Palmer Kane's Complaint should be dismissed as it is barred by the doctrine of *res judicata*. In the instant action, Palmer Kane accuses Scholastic of copyright infringement by "knowingly and willfully publishing [] photographs without the consent or authorization of Plaintiff." Rosenthal Decl., Ex. A, ¶ 38. In Palmer Kane I, Palmer Kane similarly accused Scholastic of copyright infringement for allegedly using photographs owned by Palmer Kane without consent or authorization. Rosenthal Decl., Ex. B, ¶¶ 37-43; Ex. C-1 ¶¶ 51-58, C-2 ¶¶ 62-69, C-3 ¶¶ 74-81. The photographs in Palmer Kane II are simply a subset of the photographs at issue in Palmer Kane I. Rosenthal Decl., Ex. F; compare *Id.* Ex. A ¶ 15 with *Id.* Ex. C-3 ¶¶ 21-52. Palmer Kane I was dismissed by this Court on March 31, 2014 for failure to state a claim upon which relief could be granted and judgment was entered on April 2, 2014. *Id.* Ex. D; *Id.*, Ex, E. That judgment was valid, final, and on the merits and involved the same parties as in the present action. As such, Palmer Kane's new action must be dismissed.

---

[3] For the convenience of the Court, Scholastic has submitted, as Exhibit F to the Rosenthal Declaration, a chart showing the photographs at issue in the prior and present actions. This chart is based entirely on the allegations in Plaintiff's pleadings.

3

**A.**     **The Standard of Review for a Motion to Dismiss**

In general, FRCP 12(b)(6) mandates dismissal of a cause of action if it does not contain

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 560-61 (2007). The defense of claim preclusion may be raised in a motion to

dismiss. *Thompson v. Cnty. of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994) ("*[r]es judicata*

challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule

12(b)(6)"); *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992) ("when all relevant facts are shown

by the court's own records, of which the court takes notice, the defense may be upheld on a Rule

12(b)(6) motion without requiring an answer."). The party asserting the affirmative defense of

*res judicata* has the burden of proving its applicability. *See* Fed.R.Civ.P. 8(c); 18 James Wm.

Moore et al., *Moore's Federal Practice*, ¶ 131.52[1] (3d ed. 2013).

**B.**     **Palmer Kane's Claim is Barred by *Res Judicata***

It is well established that after a court renders a final judgment on the merits of a

particular claim, a party may not relitigate that claim in a collateral proceeding against the same

adversary. *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 476 (1998) ("'[a] final

judgment on the merits of an action precludes the parties or their privies from relitigating issues

that were or could have been raised in that action.'") (quoting *Federated Dep't Stores, Inc. v.*

*Moitie*, 452 U.S. 394, 398 (1981)); *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir.

1997); *Carryl v. Columbia Univ. Coll. of Physicians & Surgeons Harlem Hosp. Ctr.*, 2005 WL

578941 (S.D.N.Y. 2005); *Bryant v. United States*, 71 F. Supp. 2d 233, 236 (S.D.N.Y. 1999); *see*

*also Restatement (Second) of Judgments* § 27 (1982).

In order for *res judicata* to bar a subsequent claim, the earlier decision must have been

"(1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case

involving the same parties or their privies, and (4) involving the same cause of action." *In re*

*Teltronics Servs., Inc.*, 762 F.2d 185, 190 (2d Cir. 1985). Here, all four prongs of the test for

4

whether a claim should be barred have been met, and Palmer Kane II should be dismissed with prejudice.

**1.     The Decision Dismissing Plaintiff's Previous Complaint Was Final, On the Merits, and by a Court of Competent Jurisdiction**

Implicit in the requirement that a prior judgment be final, on the merits, and by a court of competent jurisdiction, is the requirement that the judgment must also be valid. *See Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948) (prior judgment puts an end to litigation absent fraud or "some other factor invalidating the judgment."); *Kalb v. Feuerstein*, 308 U.S. 433, 438 (1940) (a judgment is void only if it beyond a court's power to render). If a court has jurisdiction over the subject matter and the parties then its judgment will be considered valid. *United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 271 (2010). A judgment by a court of competent jurisdiction is presumed valid. *Kalb*, 308 U.S. at 438. Even if a judgment is erroneous, it is not invalid and subject to collateral attack. *Federated Dep't Stores,* 452 U.S. at 398.

A judgment is "final" when it is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). A judgment on the merits traditionally disposes of an underlying cause of action or determines that the plaintiff has no cause of action. *Id.  See Federated Dep't Stores*, 452 U.S. at 399 n.3 ("[t]he dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"); *In re Teltronics Servs., Inc.*, 762 F.2d at 187 (dismissal of previous action on FRCP 12(b)(6) grounds operated as adjudication on the merits).

It is without question that this Court had competent jurisdiction when it dismissed Palmer Kane I. The Court's order resolved all claims pending in that action and was based on Plaintiff's failure to state a claim upon which relief could be granted. Rosenthal Decl., Ex. E. Therefore,

the Court's dismissal in Palmer Kane I was final and on the merits. *In re Teltronics Servs.*, 762 F.2d at 187.

### 2. The Parties and Claims in the Instant Action Are the Same as in Palmer Kane I

#### (a) Same Parties

Additionally, for *res judicata* to apply, the parties in the second action must be the same as, or in privity with, the parties in the first action. *Federated Dep't Stores*, 452 U.S. at 398. In Palmer Kane I, the parties were: (1) Palmer/Kane LLC (plaintiff), (2) Scholastic Corporation (defendant), (3) Scholastic Inc. (defendant) and (4) Corbis Corporation (defendant). *See Palmer/Kane LLC v. Scholastic Corp.*, No. 12 Civ. 3890 (TPG). On March 31, 2014 this Court dismissed the "claims against all defendants pursuant to Rule 12(b)(6)", which resolved Palmer Kane I. Rosenthal Decl., Ex. D.

On September 26, 2014, Palmer Kane commenced the instant action against Scholastic. The parties to this action are: (1) Palmer/Kane LLC (plaintiff), (2) Scholastic Corporation (defendant) and (3) Scholastic Inc. (defendant). With the exception of the absence of Corbis Corporation, the parties in this action are identical to the parties in Palmer Kane I.

#### (b) Same Claims

Finally, the plaintiff must have either already litigated the asserted claims in the first action or had the opportunity to do so. *Federated Dep't Stores*, 452 U.S. at 398.

In Palmer Kane I, Plaintiff accused Scholastic of copyright infringement for allegedly publishing photographs owned by Plaintiff "without the consent or authorization of Plaintiff." Rosenthal Decl., Ex. C-1 ¶ 54, C-2 ¶ 65, C-3 ¶ 77; *See also* Rosenthal Decl., Ex. B ¶¶ 37-43. At issue in Palmer Kane I were twenty nine (29) photographs allegedly owned by Plaintiff.

In the present action, Palmer Kane accuses Scholastic of copyright infringement for allegedly publishing photographs owned by Palmer Kane "without the consent or authorization

of Plaintiff." Rosenthal Decl., Ex. A, ¶¶ 35-42.  At issue in Palmer Kane II are sixteen (16) of the twenty nine (29) photographs already at issue in Palmer Kane I.  Id., ¶ 15.  A side by side comparison shows that each of the images at issue here were already the subject of Palmer Kane I, which this Court dismissed.  *Id.*, Ex. F; compare *Id.* Ex. A ¶ 15 with *Id.* Ex. C-3 ¶¶ 21-52.  In other words, Palmer Kane, in the instant action, is again accusing Scholastic of copyright infringement based on a subset of the same photographs at issue in Palmer Kane I.  With the exception of there being fewer photographs alleged in the Complaint, there is no difference between the claims against Scholastic in Palmer Kane I and Palmer Kane II.  Therefore, the claims in Palmer Kane's first and second actions are the same for purposes of *res judicata*. *Maharaj*, 128 F.3d at 97 (judgment precludes a second action if the second action "requires the same evidence to support it and is based on facts that were also present in the first [action].") (internal citations omitted).

## CONCLUSION

In sum, the doctrine of *res judicata* must bar Palmer Kane's present claim as it was previously dismissed by this Court and this Court's judgment was final, on the merits, and involved the same parties.

For the foregoing reasons, Scholastic respectfully requests that the Court dismiss Palmer Kane's Complaint with prejudice.

Dated: New York, New York
      November 4, 2014

FRANKFURT KURNIT KLEIN & SELZ, P.C.

By:_____
     Edward H. Rosenthal, Esq.
     Beth I. Goldman, Esq.
     488 Madison Avenue
     New York, New York  10022
     Tel.:  (212) 980-0120
     Fax:  (212) 593-9175
     erosenthal@fkks.com
     bgoldman@fkks.com

     *Attorneys for Defendants*
     *Scholastic Corp. and Scholastic Inc.*