<mark>Case 1:14-cv-07805-TPG Document 54 Filed 12/10/15 Page 1 of 11</mark>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-10-15
```

PALMER/KANE LLC,

                       Plaintiff,

      v.

SCHOLASTIC CORPORATION et al.

                       Defendants.

14-cv-7805

**OPINION**

      Before the court are plaintiff Palmer/Kane's motions to compel defendant Scholastic to produce certain documents and for leave to file a second amended complaint. For the reasons stated below, the motion to compel is denied in part and granted in part, and the motion for leave to file a second amended complaint is granted.

**Background**

      Plaintiff Palmer/Kane first filed infringement claims against defendant Scholastic in 2012 in *Palmer Kane LLC v. Scholastic Corp. et al.*, 12-cv-3890 (TPG) ("*Palmer Kane I*"). The claims arose out of Scholastic's unlicensed use of certain Palmer/Kane photographs in some of Scholastic's publications ("Accused Publications"). On March 31,

<mark>1</mark>

2014, the court dismissed plaintiff's claims in that case for failure to state a claim. *Palmer Kane I*, Dkt. 40.

On September 26, 2014, plaintiff filed its complaint in the current case. *Palmer/Kane LLC v. Scholastic Corp. et al.*, 14-cv-7805 ("*Palmer Kane II*"), Dkt. 1. Defendant responded with a motion to dismiss the complaint as barred under the doctrine of *res judicata*. *Palmer Kane II*, Dkts. 9–11. The parties arrived at an agreement under which plaintiff would limit its claims to alleged infringements that occurred after March 31, 2014—the date the prior claims were dismissed—and defendant would withdraw its motion to dismiss. The court endorsed that agreement on December 10, 2014. *Palmer Kane II*, Dkt. 21. In accordance with the agreement, plaintiff filed an amended complaint limiting its claims to infringements occurring after March 31, 2014 ("Existing Claims"). *Palmer Kane II*, Dkt. 17.

On April 8, 2015, the court endorsed a scheduling order setting May 15, 2015 as the deadline for amended pleadings. *Palmer Kane II*, Dkt. 24.

On September 21, 2015, more than four months after the deadline set by the scheduling order, plaintiff filed a motion seeking leave to file a second amended complaint. *Palmer Kane II*, Dkt. 38. Plaintiff seeks to add claims pertaining to alleged infringements it says it discovered in June 2015 ("New Claims").

On October 7, 2015, plaintiff filed a motion to compel defendant to produce certain documents. *Palmer Kane II*, Dkt. 45. In the motion to compel, plaintiff seeks documents responsive to three Requests for Production: in Request Number 5, plaintiff seeks information on how many copies of each of the Accused Publications were printed in the United States since April 1, 2014; in Request Number 16, plaintiff seeks information on how many e-books were sold or distributed for each of the Accused Publications; in Request Number 22, plaintiff seeks information on the gross revenues of each of the Accused Publications since April 1, 2014. In its briefing on the motion, plaintiff also asks the court to order defendant to provide information related to pre-March 31, 2014 uses of plaintiff's photographs. *See Palmer Kane II*, Dkt. 50. Finally, plaintiff asks the court to order defendant to pay its expenses incurred in making the motion. *See id.*

### Discussion

**1) Plaintiff's motion to compel defendant to produce certain documents is denied in part and granted in part.**

Under Federal Rule of Civil Procedure 26(b), parties are entitled to obtain discovery on any matter that is relevant to a claim or defense. However, the court must limit the extent of the discovery when the information sought is unreasonably cumulative or duplicative. Fed. R. Civ. P. 26(b)(2)(C)(i).

In its motion to compel, plaintiff seeks documents that provide information on how many copies of each of the Accused Publications were printed in the United States since April 1, 2014, how many e-books were sold or distributed for each of the Accused Publications, and the gross revenues of each of the Accused Publications since April 1, 2014. Defendant produced summary charts that contain this information. Thus, to the extent plaintiff seeks information already provided by defendant, the motion to compel is denied.

Plaintiff also requests that defendant provide information relating to uses of plaintiff's photographs prior to March 31, 2014. In response, defendant argues that, because the Existing Claims are limited to infringements occurring after March 31, 2014, only uses after that date are relevant and therefore discoverable.

While the *claims* are limited to infringements occurring after March 31, 2014, *discovery* should not be so limited. That is, there are reasons why it may be necessary to refer to circumstances before March 31, 2014. Some of plaintiff's Existing Claims involve photographs licensed by defendant for a certain number of copies or for a certain number of years. Plaintiff alleges that defendant exceeded those limits. Because of those allegations, when and how many of the Accused Publications were printed is relevant, even if those printings occurred before March 31, 2014. Also relevant is any license obtained prior to March 31, 2014. For example, one photograph was licensed for 5,000 copies. Am. Compl.

4

¶ 19, Dkt. 17.  It is necessary to know how many copies were printed before March 31, 2014 in order to determine how many copies defendant was authorized to print after that date.  And information on how many copies defendant was authorized to print after March 31, 2014 is necessary to determine whether the license was violated.  So even though the claims are limited to infringements occurring after March 31, 2014, information about uses before that date is relevant and discoverable.  Thus, to the extent plaintiff seeks information related to uses prior to March 31, 2014, the motion to compel is granted.

Finally, plaintiff asks the court to require defendant to pay its reasonable expenses incurred in making the motion to compel.  Under Federal Rule of Civil Procedure 37(a)(5)(A):

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Here, awarding expenses would be inappropriate.  While defendant did provide certain documents after the motion to compel was filed, it had

5

already produced the summary charts which it believed responded adequately to plaintiff's request. Thus, the court will not award expenses to plaintiff.

In sum, plaintiff's motion to compel is denied to the extent plaintiff requests information already provided by defendant, denied to the extent plaintiff seeks expenses incurred in making the motion, but granted to the extent plaintiff seeks information related to pre-March 31, 2014 uses of its photographs.

### 2) Plaintiff's motion for leave to file a second amended complaint is granted.

Leave to amend a pleading should be freely granted when justice so requires. Fed. R. Civ. P. 15(a). However, a district court may "deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Additionally, in this case, the court must consider Federal Rule of Civil Procedure 16(b), under which a "schedule may be modified only for good cause." *See Kassner v. 2nd Avenue Delicatessen, Inc.*, 496 F.3d 229, 243 (2d Cir. 2007). "[A] finding of 'good cause' depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). To satisfy the good cause standard, a party must show that, despite its diligence, the deadline could not have

been met. *Rent-A-Ctr., Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003). On the other hand, a "party fails to show good cause when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) (citation omitted).

Here, plaintiff learned of the alleged infringements in the New Claims in June 2015, after the scheduled deadline for amended pleadings. *See* Kane Decl. ¶¶ 11–13, *Palmer Kane II*, Dkt. 40. Pat Kane, Palmer/Kane's co-owner, examined scores of Scholastic publications in her visits to libraries and book fairs to find infringing uses of Palmer/Kane photographs. *See id.* ¶¶ 3–4. However, her job was made difficult by the large number of Scholastic books and the limited public access to them. *See id.* ¶¶ 5–6. Despite her research, Kane did not discover the alleged infringements in the New Claims until after the scheduled deadline for amended pleadings. Because Kane was diligent in her attempts to uncover any unauthorized uses of the copyrighted photographs, the court finds that plaintiff has shown good cause to amend the complaint.

In opposition, defendant argues that the proposed amendment would be futile because it is insufficiently pleaded. However, the New Claims are pleaded in the same format and with the same specificity as

7

the Existing Claims in this case. As such, the proposed amendment would not be futile.

Defendant also takes the position that allowing the amendment would result in prejudice.

Defendant first points out that the time frame of the New Claims would not be the same as the time frame of the Existing Claims. That is, the New Claims are not limited to infringements occurring after March 31, 2014. Defendant uses this fact to argue that a jury might be confused by the differing time frames. However, any potential confusion can be adequately addressed through jury instructions.

Second, defendant argues that the amendment might require third-party joinder. This does not seem to be the case, as plaintiff states that the alleged infringements in the New Claims are all found in books published by Scholastic.

Third, defendant is concerned about the statute of limitations on the New Claims. Copyright infringement claims have a three-year statute of limitations. 17 U.S.C. § 507. According to the Supreme Court, "[e]ach time an infringing work is reproduced or distributed, the infringer commits a new wrong. Each wrong gives rise to a discrete claim . . . ." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1969 (2014). The Second Circuit follows the "discovery rule," under which "copyright infringement claims do not accrue until actual or constructive discovery of the relevant infringement." *Psihoyos v. John Wiley & Sons, Inc.*, 748

F.3d 120, 125 (2d Cir. 2014).  Here, plaintiff states exactly when it learned of the alleged infringements in the New Claims, that is, June 2015.  *See* Kane Decl. ¶¶ 11–13.  As discussed above, plaintiff was diligent in searching for infringements, and therefore it is not the case that plaintiff should have known about the alleged infringements in the New Claims prior to their discovery in June 2015.  In addition, the proposed amended complaint expressly limits the infringement period to the three years preceding its filing.  Thus, there is no reason to believe the New Claims are barred by the statute of limitations.

Fourth, defendant argues that certain of the New Claims may be barred by the doctrine of *res judicata* because they involve some photographs relevant to *Palmer Kane I*.  "Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000) (citation omitted).  "Whether a claim that was not raised in the previous action could have been raised therein depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first."  *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 499 (2d Cir. 2014) (citation omitted).  Defendant argues that certain of the New Claims may be barred because they arise out of defendant's use of the same

9

photographs that served as the basis of claims made in the dismissed *Palmer Kane I*. Defendant is mistaken. The photographs at issue in the New Claims were allegedly used in a publication not mentioned in *Palmer Kane I*. These uses serve as separate infringements, arise out of entirely different transactions, involve entirely different evidence, and therefore may form the basis of new, distinct claims.

For the reasons stated above, plaintiff's motion for leave to file a second amended complaint is granted.

## Conclusion

Plaintiff's motion to compel is denied to the extent plaintiff requests information already provided by defendant, denied to the extent plaintiff seeks expenses incurred in making the motion, but granted to the extent plaintiff seeks information related to pre-March 31, 2014 uses of its photographs. Plaintiff's motion for leave to file a second amended complaint is granted.

This opinion resolves the motions numbered 38 and 45 on the docket.

SO ORDERED.

Dated: New York, New York
December 10, 2015

Thomas P. Griesa
U.S. District Judge